NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUMIEJAH UKAWABUTU, | : |
| Plaintiff, | : Civ. No. 16-0006 (PGS-DEA) |
| v. | : |
| DR. ABU AHSAN, et al., | : MEMORANDUM |
| Defendants. | : |

## PETER G. SHERIDAN, U.S.D.J.

This matter comes before the Court on Plaintiff's motion for an extension of time to file an affidavit of merit (ECF No. 48) and cross-motions for partial summary judgment filed by defendants Abu Ahsan, Dr. Bhagat, Nurse Carver, Dr. Guo, and Donique Ivery (ECF No. 49) and Dr. Shah (ECF No. 51). For the following reasons, Plaintiff's motion for an extension of time is denied. Defendants' cross-motions are granted.

### I.

Plaintiff is currently a prisoner at New Jersey State Prison ("NJSP") in Trenton, New Jersey. He filed a 115-page, 289-paragraph complaint alleging that he experienced denial of medical care and medical malpractice after defendants failed to care for his eye injury after he was hit in the face with a basketball on December 19, 2009. Plaintiff alleges he is now totally blind because of defendants' actions. (ECF No. 1).

Plaintiff filed his complaint pro se on January 4, 2016. The Court granted his *in forma pauperis* application on January 25, 2016. (ECF No. 2). Dr. Shah filed a motion to dismiss on the

grounds that Plaintiff had not provided an affidavit of merit regarding his medical malpractice claims. (ECF No. 31). Dr. Patel filed a similar motion to dismiss on December 23, 2016. (ECF No. 32). Magistrate Judge Arpert initially denied Plaintiff's request for counsel, but granted the request on January 26, 2017 upon Plaintiff's motion for reconsideration. (ECF No. 37). Judge Arpert also terminated the pending motions and extended the deadline to file an affidavit of merit to 60 days after counsel entered an appearance. (ECF No. 37). On August 24, 2017, Judge Arpert administratively terminated the matter until pro bono counsel could be found. (ECF No. 40). Counsel entered an appearance on February 14, 2018, and the matter was reopened. (ECF Nos. 42 & 43).

On May 4, 2018, counsel for Plaintiff filed a motion for an extension of time to file the affidavits of merit. (ECF No. 48). Defendants Ahsan, Bhagat, Guo, Ivery, Carver, Patel, and Shah cross-moved for partial summary judgment. (ECF Nos. 49, 51, 61).[1] They argue that the time to file the affidavit of merit has long since expired under New Jersey law, requiring dismissal of the medical malpractice claims. After the motions were filed, Plaintiff filed affidavits of merit against Sheryl Clark, Margaret Coucuzza, and Jennifer Rapp, registered nurses who had been designated as "Jane Doe" defendants in the original complaint, on June 14, 2018. (ECF No. 56).[2]

The Court conducted oral argument on July 18, 2018.

## II.

Under the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is

---

[1] Plaintiff entered into a stipulation of dismissal with Dr. Patel. (ECF No. 65). The Court will therefore terminate Dr. Patel's summary judgment motion. (ECF No. 61).
[2] The complaint has not been amended to officially name these potential defendants.

2

entitled to judgment as a matter of law.' In making that determination, a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130–31 (3d Cir. 1995). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

### III.

The merits of Plaintiff's denial of medical care and medical malpractice claims are not currently before the Court. The Court need only decide whether Plaintiff's medical malpractice claims must be dismissed with prejudice due to his failure to comply with New Jersey's affidavit of merit statute ("AOM statute"), *see* N.J. STAT. ANN. § 2A:53A–26, et seq., or whether an equitable exception applies.

"The stated purpose of the AOM statute, is laudatory—to weed out frivolous claims against licensed professionals early in the litigation process." *Meehan v. Antonellis*, 141 A.3d 1162, 1169 (N.J. 2016) (internal citation omitted). The AOM statute states in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J. STAT. ANN. § 2A:53A–27. "The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause." *Id.* "The submission of an appropriate affidavit of merit is considered an element of the claim. Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." *Meehan*, 141 A.3d at 1169. Plaintiff does not argue that the AOM statute does not apply to his medical malpractice claims or that defendants Ahsan, Bhagat, Guo, Ivery, Carver, and Shah are not "licensed persons" within the meaning of the AOM statute. *See* N.J. STAT. ANN. § 2A:53A-26. He instead asserts extraordinary circumstances warrant an extension of time to obtain and file affidavits of merit against these defendants. (ECF Nos. 43 & 53).

The Court disagrees and sees no basis in the record for the application of the "extraordinary circumstances" exception to the 120-day deadline. *See Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 783 (N.J. 2003). The AOM statute "limits the court to granting one additional period," and "no more than one additional period." *Familia v. Univ. Hosp. of Univ. of Med. & Dentistry of N.J.*, 796 A.2d 302, 305–06 (N.J. Super. Ct. App. Div. 2002). The legislative intent "was to set an outer time limit of one hundred twenty days, beyond

4

which no extension could be granted." *Id.* at 306. Dr. Shah answered the complaint on August 23, 2016, (ECF No. 21), making his affidavit of merit due on or before December 21, 2016. Defendants Ahsan, Bhagat, Guo, Ivery, and Carver answered the complaint on September 21, 2016, (ECF No. 26), making their affidavit of merit due on or before January 19, 2017. Magistrate Judge Arpert generously extended the time to file the affidavits to 60 days after appointed counsel entered an appearance, but no affidavits of merits have been filed with the Court as to the moving defendants despite the significant passage of time. The difficulties in obtaining affidavits of merit cited by counsel are not the "extraordinary circumstances" that warrant noncompliance with the statutory deadline.

Plaintiff's motion for an extension of time is denied. The medical malpractice claims against defendants are dismissed with prejudice.

## IV.

For the reasons stated above, Plaintiff's motion for an extension of time is denied. Defendants' cross-motions are granted.

An appropriate order follows.

DATED: 10/16, 2018

_____
PETER G. SHERIDAN
United States District Judge